United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| PALASOTA CONTRACTING, LLC | § | CASE NO. 23-31447-H5-11 |
| DEBTOR | § | (Chapter 11) |

### ORDER CONFIRMING PLAN OF REORGANIZATION
(Regarding Docket No. 123, 124, 134 and 146)

Pursuant to this Court's Order Under 11 U.S.C. §1125 and Fed. R. Bankr. P. 3017 Conditionally Approving Disclosure Statement and Fixing Deadlines for Voting and Objections and Setting Final Hearing on Disclosure Statement and Confirmation Hearing (Docket 108), the Court set a hearing for September 22, 2023, which was continued to October 12, 2023, to consider final approval of the Disclosure Statement and confirmation of the First Amended Chapter 11 Plan of Reorganization Submitted by Palasota Contracting, LLC (Docket 146) ("Plan"). After considering the evidence presented and the arguments of counsel, the Court finds as follows:

1. The findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such. Furthermore, any findings of fact and conclusions of law made by the Court on the record are incorporated herein by reference.

2. On August 22, 2023, Palasota Contracting, LLC ("Debtor"), through counsel, filed its proposed (i) Disclosure Statement and (ii) Plan (Dockets 104, 105). On August 22, 2023, the Debtor filed and served its Motion for Conditional Approval of Disclosure Statement (Docket 1106). On August 24, 2023, an Order Conditionally Approving the Disclosure Statement, Giving Notice of Hearing on Final Approval, and Confirmation of Chapter 11 Plan, and Setting Certain Deadlines was entered (Docket 108).

3. On August 25, 2023, the Debtor served the (i) Disclosure Statement, (ii) the Plan, (iii) the Order Conditionally Approving the Disclosure Statement, and (iv) ballots to vote on the Plan to all creditors and parties-in-interest. Proof of service of the foregoing was filed with the Court by the Debtor on August 28, 2023 (Docket 112). The notice provided by the Debtor satisfies the requirements of all applicable Federal Rules of Bankruptcy Procedure, including, but not limited to, Rules 2002(a), (b), (c), (d), (j), and (k) and is adequate and proper in all respects under the circumstances of this case.

4. Following the filing of creditors' objections to the proposed Plan, the Debtor amended its Plan. Following the October 20, 2023 confirmation hearing, on November 9, 2023, this Court entered its Order denying confirmation (Docket 178). The Debtor subsequently amended its Plan. On January 24, 2024, the Debtor filed its Fifth Amended Plan (Docket 190).

Pursuant to this Court's January 26, 2024, Order, the Debtor served the conditionally approved Disclosure Statement and Fifth Amended Plan (Docket 198).

**B.      Jurisdiction, Venue, and Constitutional Authority**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334 and the Standing Order of Reference of the United States Bankruptcy Court for the Southern District of Texas. This is a core matter under 28 U.S.C. §157(b)(2)(L).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

7. The Court has constitutional authority to enter a final order confirming the Plan. Confirmation of a plan of reorganization is an essential bankruptcy matter which triggers the "public rights" exception.

8. The Debtor is authorized to be a debtor under 11 U.S.C. § 109.

9. All parties (including, without limitation, all taxing authorities and other Governmental Units entitled to notice and all known equity interest holders required to be given notice of the Confirmation Hearing, including notice of the deadline for filing and serving objections to confirmation of the Plan, have been given proper, timely, and adequate notice in accordance with the Federal Rules of Bankruptcy Procedures and have had an ample opportunity to appear and be heard with respect thereto. No other or further notice is necessary or required.

10. Pursuant to 11 U.S.C. § 1125(d), the Debtor's transmittal of the Plan and its solicitation of acceptances of the Plan are not and will not be governed by or subject to any otherwise applicable law, rule, or regulation governing the solicitation or acceptance of a plan or the offer, issuance, sale, or purchase of securities. Accordingly, the Debtor (and its agents, employees, members, and professionals) are entitled to the good faith protections of 11 U.S.C. § 1125(e).

**Voting**

11. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Orders of the Court.

**The Disclosure Statement and Plan Satisfy the Requirements of the Bankruptcy Code**

12. The Disclosure Statement contains adequate information in accordance with 11 U.S.C. § 1125.

13. The Plan complies with all applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1).

14. The Plan is dated and identifies the Debtor as the proponent of the Plan. FED. R. BANKR. P. 3016(a). In proposing the Plan, the Debtor has complied with all provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(2).

15. The Plan designates and classifies Claims and Interests. 11 U.S.C. § 1123(a)(1). The classification of Claims and Interests under the Plan complies with 11 U.S.C. § 1122. Each Claim and Interest placed in a particular class pursuant to the Plan is substantially similar to the other Claims or Interests, as the case may be, in such class. A reasonable basis exists for the classifications in the Plan.

16. The Plan specifies each class of Claims or Interests that is not impaired under the Plan. 11 U.S.C. § 1123(a)(2).

17. The Plan specifies the treatment of each class of Claims and Interests that is impaired under the Plan. 11 U.S.C. § 1123(a)(3).

18. The Plan provides the same treatment for each Claim or Interest of a particular class, unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such particular Claim or Interest. 11 U.S.C. § 1123(a)(4).

19. The Plan provides adequate means for its implementation. 11 U.S.C. § 1123(a)(5).

20. The Plan provides for the assumption and rejection of executory contracts and leases in a manner consistent with the Bankruptcy Code. 11 U.S.C. § 1123(b)(2).

21. The Debtor has complied with the applicable provisions of the Bankruptcy Code, including, without limitation, the disclosure and solicitation requirements under 11 U.S.C. §§ 1125 and 1126 of the Bankruptcy Code. 11 U.S.C. §§ 1129(a)(2), 1125, and 1126.

22. The Plan has been proposed in good faith and is not by any means forbidden by law. 11 U.S.C. § 1129(a)(3). The Plan has been proposed for valid business purposes, to effectuate the reorganization of the Debtor's financial affairs, to satisfy obligations of the Debtor, and to provide relief under Chapter 11 of the Bankruptcy Code to the Debtor, the Debtor's Creditors, and the Debtor's Interest Holders.

23. All payments made or to be made by the Reorganized Debtor/Plan Agent under the Plan, for services or for costs and expenses in or in connection with the Case, or in connection with the Plan and incident to the Case, are subject to the approval of the Court as reasonable. 11 U.S.C. § 1129(a)(4).

24. The Plan provides that Ricky Palasota, Jr. will serve as Plan Agent under the Plan in accordance with 11 U.S.C. § 1129(a)(5). Ricky Palasota, Jr. is confirmed as the Plan Agent with full authority to carry out the Plan.

25. The Plan does not require any governmental approvals. 11 U.S.C. § 1129(a)(6).

26. With respect to each impaired class of Claims or Interests, each holder of an impaired Claim or Interest in such class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. 11 U.S.C. § 1129(a)(7).

27. Each class of Claims and Interests has accepted the Plan (11 U.S.C. § 1129(a)(8)(A)), is not impaired under the Plan (11 U.S.C. § 1129(a)(8)(B)), ~~or the Plan does not discriminate unfairly and is fair and equitable with respect to such class of Claims and/or Interests (11 U.S.C. § 1129(b)(1)).~~

28. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that, with respect to a Claim of a kind specified in 11 U.S.C. 507, on the later of (i) the Distribution Date, (ii) the date on which such Claim becomes an Allowed Claim; or (iii) such other date as the Plan Agent and the holder of the Claim shall agree, the holder of such Claim will receive on account of such Claim cash in an amount equal to the Allowed amount of such Claim subject to and in accordance with the terms of the Plan. 11 U.S.C. § 1129(a)(9)(A) and (B).

29. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor except as specifically set forth in the Plan. 11 U.S.C. § 1129(a)(11).

30. The Plan has been accepted by Creditors that hold at least two-thirds in amount and more than one-half in number of the Allowed Claims in Class 12 that have voted to accept or reject the Plan. 11 U.S.C. §§ 1126 and 1129(a)(10). Classes 1, 2, 10, and 11 are not impaired under the Plan.

30. At least one class of Claims or Interests that is Impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any Insider. 11 U.S.C. § 1129(a)(10).

31. The Plan Agent shall timely pay on the Effective Date all pre-confirmation quarterly fees owed to the United States Trustee. 11 U.S.C. § 1129(a)(12). The Plan Agent shall also pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) within thirty (30) days of the date that such payments are due, until such time as the Court enters a final decree closing the case, or enters an order either converting the case to a case under chapter 7 or dismissing the case. After confirmation, the Plan Agent shall file with the Court and shall transmit to the United States Trustee a true and correct statement of all disbursements for each quarter, or portion thereof, that the Debtor's case remains open in a format prescribed by the United States Trustee.

32. The Debtor does not have obligations for the payment of retiree benefits, making 11 U.S.C. § 1129(a)(13) of the Bankruptcy Code irrelevant. 11 U.S.C. § 1129(a)(13).

33. All applicable requirements of 11 U.S.C. § 1129(a) have been met.

34. The modifications and clarifications made herein to the Plan do not cause the Plan to fail to meet the requirements of 11 U.S.C. § 1122 and 1123 and, pursuant to 11 U.S.C. § 1127, do not adversely change the treatment of any Claim of any Creditor or the Interest of any Interest Holder who has not accepted the modification. Fed. R. Bankr. P. 3019.

35. The primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933, as amended.

Accordingly, it is hereby ORDERED THAT:

**Approval of the Disclosure Statement and Confirmation of the Plan**

36. The Disclosure Statement is finally approved.

37. The Plan, a copy of which is attached hereto as Exhibit 1, as modified herein, is confirmed in all respects, regardless of whether specific reference is made herein to a particular article, paragraph, exhibit, or provision of the Plan. The terms of the Plan are incorporated by reference into, and are an integral part of, this Order. However, in the event of a discrepancy between the Plan and this Order, the terms of this Order control.

38. The Plan Agent and the Reorganized Debtor are authorized and directed to implement the Plan in accordance with the terms thereof and to take any and all actions contemplated to be taken under the Plan.

39. The provisions of the Plan and this Order are binding on the Reorganized Debtor, the Plan Agent, and any holder of a Claim or Interest, whether or not the Claim or Interest is impaired under the Plan and whether or not the holder of such Claim or Interest has accepted the Plan. All objections to confirmation of the Plan that have not been resolved through amendments to the Plan or withdrawn prior to the entry of this Order or that are not cured by the relief granted herein are overruled in all respects. All withdrawn objections are deemed withdrawn with prejudice.

40. On the Effective Date, the Reorganized Debtor and the Plan Agent are authorized to consummate the Plan and the transactions contemplated thereby.

41. The holders of Secured Priority Tax Claims, including but not limited to the Texas Comptroller, US Customs Border Protection, and all local ad valorem taxing authorities, shall retain their tax liens until such Claims are paid in full.

42. Class 11 consists of the Claims of the Texas Comptroller, Texas Workforce Commission, and any other applicable taxing authorities. Allowed Priority Tax Claims that are secured claims shall be entitled to interest at the rate provided by applicable law, which is 9.5% as of January 2, 2024.

43. Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, the Texas Comptroller of Public Accounts (the "Texas Comptroller") and the Texas Workforce Commission each reserves the following rights: (1) any statutory or common law setoff rights in accordance with 11 U.S.C. § 553; (2) any rights to pursue any non-debtor third parties for tax debts or claims; (3) the payment of interest on the respective agency's administrative expense tax claims, if any; (4) to the extent that interest is payable with respect to any administrative expense, priority or secured tax claim, the statutory rate of interest pursuant to Texas Tax Code 111.060; and (5) neither the Texas Comptroller or the Texas Workforce Commission is required to file a motion or application for payment of administrative expense claims pursuant to 11 U.S.C. § 503(b)(1)(D) and such post-petition tax claim(s) may instead be paid as and when they arise in the ordinary course of business of the Reorganized Debtor or any successor in interest to such entities.

44. Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, the Texas Comptroller and TWC each retains the ability to collect on debts from Reorganized Debtor, and any successor in interest, to the maximum ability as allowed by law. The Comptroller and the TWC retain any liens to which they are entitled under applicable state law.

45. Except as to payments made on Allowed Secured Claims which will be made in accordance with the underlying loan documents in Classes 3 through 9, and except as to payments to be made to Brazos County which will be made in accordance with the terms set forth in the confirmed Plan as to Class 10, a failure by the Reorganized Debtor to make a plan payment shall be an Event of Default. If the Reorganized Debtor or any successor in interest fails to cure an Event of Default within ten (10) days after service of a written notice of default, then that creditor may (a) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (b) seek such relief as may be appropriate in this court. The Reorganized Debtor and/or any successor in interest can receive up to three (3) notices of default.

46. Notice of the default shall be served by first class mail at: 3407 Tabor Road, Bryan, Texas 77808, Attn: Ricky Palasota, Jr., and upon Debtor's attorney at: Waldron & Schneider, PLLC, 15150 Middlebrook Drive, Houston, TX 77058, Attn: Kimberly Bartley.

**Miscellaneous**

47. Pursuant to 11 U.S.C. § 1146, any issuance, transfer, or exchange of any security under the Plan or the making or delivery of any instrument of transfer or of an asset pursuant to or under the Plan shall not be taxed under any law imposing a stamp tax or other similar tax, or to the extent of any tax the Debtor shall remain solely responsible thereon. This will apply particularly with respect to the return of any collateral under repossession or prior foreclosure as otherwise provided as to Class 4 or any other secured creditor class.

48. For good cause shown, the limitations of Fed. R. Bankr. P. 3002 and 6004 are waived. This Order is not stayed and shall become effective immediately upon its entry. The Effective Date of the Plan shall be determined in accordance with the terms of the Plan.

49. The failure to reference or discuss any particular Plan provision in this Order shall have no effect on the validity, binding effect, and enforceability of such provision and such provision shall have the same validity, binding effect, and enforceability as provisions of the Plan expressly approved herein.

50. All objections to Claims and Equity Interests shall be filed and served in accordance with the terms of the Plan. This Order is hereby declared to be in recordable form, and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

51. The Plan Agent, on behalf of the Reorganized Debtor, is authorized pursuant to 11 U.S.C. § 1142(b) to (i) take all action which requires approval of this Court to effect the Plan; and (ii) issue, execute, deliver, file, or record any documents, and to take any action necessary or appropriate to implement, effectuate, and consummate the Plan, and the matters contemplated by this Order, in accordance with their respective terms, whether or not specifically referred to in the Plan or any exhibit thereto and without further application to or order of this Court.

52. The Plan Agent may destroy or otherwise abandon any files, documents, or electronic information without notice following the expiration of fourteen (14) days from the Distribution Date.

53. The Clerk shall promptly serve notice of the entry of this Order pursuant to Fed. R. Bankr. P. 2002(f)(7) on all Creditors, Interest Holders, and other parties in interest. The Plan Agent shall mail a copy of this Order and Notice of the Effective Date to all known holders of Claims and Equity Interest (which have not become Disallowed as of the date of mailing). Such notice shall be mailed within seven (7) Business Dates of the Effective Date.

54. After the date of this Order, this Court shall retain jurisdiction over the Chapter 11 Case according to applicable law and the provisions of the Plan, including but not limited to jurisdiction to interpret and enforce the provisions of this Order.

55. Except as otherwise provided for in the Plan, save and except for Encore Bank, any bank or financial institution holding funds of Palasota Contracting, LLC is directed to immediately deliver control over such funds to Ricky Palasota, Jr. as Plan Agent and/or any individuals designated by Ricky Palasota, Jr. Nothing in this Order shall prohibit Ricky Palasota, Jr. from seeking relief from the Court pursuant to 11 U.S.C. § 362(k) against any person, bank, or financial institution in violation of this provision. Encore Bank is authorized to retain funds in the approximate amount of $43,652.98 and apply such balance to the Debtor's outstanding loan balance.

56. With respect to Class 4, the Plan is further amended as to Class 4 to provide that the agreed deficiency balance owed to CCG shall not be less than $881,461.22 plus any amounts CCG may be required to pay for personal property taxes on the units previously sold.[1] Additionally, the Debtor is required to sign an amended and restated promissory note and

---

[1] The deficiency balance may be higher if unpaid ad valorem taxes or there exists other diminution in the value of the collateral.

security agreement and sign appropriate other documents evidencing perfection continuing in the same form and substance of the existing loan documents for the deficiency balance with the following items listed as collateral:

| Description | VIN / Ser No. |
|---|---|
| 2014 Mack GU813 Concrete Mixer truck w/ Mack MP7 6-cylinder diesel engine, Allison automatic transmission | 1M2AX13CXEM023566 |
| 2006 Vogele 2219W Wheeled Paver | 30660 |
| | |
| 2014 Hamm H11IX Vibratory Padfoot Compactor | H2100141 |
| 2014 Hamm HD11iP Roller | H2110078 |
| 2012 International 7400 6x4 Digger Derrick Truck with 201 2 Texoma 650 Drill | 1HTWJAAT2CJ587082 |

For the avoidance of doubt, the Debtor confirms that CCG shall retain its first lien position on the collateral identified above and reserves all rights with respect to same. CCG's transfer of the 2014 Mack GU813 Concrete Mixer Truck and 2006 Vogele 2219W Wheeled Paver as provided in Class 4's treatment shall be deemed purchased and acquired by the Debtor from CCG under a purchase money security interest, and shall comprise additional collateral securing CCG's Allowed Secured Claim.

57. With respect to the allegations raised by Smith Pump Company, a subcontractor of the Debtor asserting a trust fund claim for services rendered in the amount of $40,425.00, the Debtor shall pay such claim in monthly minimum payments of $5,000.00 per month beginning 30 days following the effective date of the Plan until the remaining job is completed, at which time the remaining balance shall be due in full. Payments shall be made to attn: Lea Swanson, Credit and Collections Manager, 301 M-B Industrial, Waco, Texas 767812.

58. Legally Binding Effect. The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan. On and after the Effective Date, except as otherwise provided under the Plan, all holders of Claims shall be precluded and enjoined from asserting any Claim (i) against the Debtor, or its assets or properties based on any transaction or other activity of any kind that occurred prior to the Effective Date; and (ii) for any derivative claims, including claims against third parties asserting alter ego claims, fraudulent transfer claims or any other type of successor liability; provided, however, this provision does not in any manner bar or interfere with claims, if any, by the holder of any Allowed Secured Claim, to seek recovery of any missing, converted, or unaccounted for Collateral. Notwithstanding anything to the contrary set forth herein, neither the Disclosure Statement nor this Amended Plan of Reorganization shall be construed as discharging the Debtor with respect to the claims asserted by Lisa Gregory in Case No. 22-001693-CV-85, styled, Lisa Gregory v. Palasota Contracting, LLC et al, pending in the 85th Judicial District Court, Brazos County, Texas (the "Brazos County Lawsuit"). In addition, the Agreed Order (i) Modifying Automatic Stay Under Section 362 of the Bankruptcy Code for the Purposes of (A) Allowing For Prosecution of the Civil Lawsuit Now Pending in the District Court of Brazos County, Texas and (B) Allowing Recovery and Collection Against Debtor's Applicable Insurance [Docket No 83] (the "Agreed Order") is fully incorporated into the Plan. Notwithstanding anything to the contrary set forth in this Plan or

Debtor's Disclosure Statement, the Plan shall not affect in any way the rights, remedies and recourses of Ms. Gregory to liquidate her claims against all Defendants, including the Debtor, in the pending Brazos County Lawsuit to final judgment and to collect upon any applicable insurance of the Debtor or against any non-debtor party, their assets, or their applicable insurance.

58. Nothing in this Order or the Plan discharges, releases, precludes, or enjoins: (i) any liability to any Governmental Unit that is not a Claim; (ii) any Claim of a Governmental Unit arising on or after the Confirmation Date: (iii) any police or regulatory liability to a Governmental Unit that any entity would be subject to as the owner or operator of property after the Confirmation Date, including any police or regulatory liability, if any; or (iv) any liability to a Governmental Unit on the part of any non-debtor. Nor shall anything in this Order or the Plan enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence. Notwithstanding any provision of the Plan, this Order, or any implementing or supplementing plan documents, Governmental Units' setoff rights under federal law as recognized in section 553 of the Bankruptcy Code, and recoupment rights, shall be preserved and are unaffected. Nothing in this Order or the Plan divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or the Plan to adjudicate any defense asserted under this Order or the Plan."

59. To the extent there is a conflict between the Plan and this Order, the terms of the Order shall control.

Signed: March 14, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

4887-0125-4020 v.1