IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| PALASOTA CONTRACTING, LLC | § | CASE NO. 23-31447-H5-11 |
| DEBTOR | § | (Chapter 11) |

**MOTION FOR FINAL DECREE RETAINING JURISDICTION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

To:   The Honorable Eduardo Rodriguez,
      Chief United States Bankruptcy Judge:

COMES NOW Palasota Contracting, LLC ("Debtor" or "Applicant") and files this *Motion For Entry of Final Decree Retaining Jurisdiction* ("Motion") and, in support thereof, would respectfully show as follows:

1.   On March 14, 2024, the Debtor filed its Seventh Amended Plan (Docket 215) and a proposed Confirmation Order (Docket 217).

2.   On March 14, 2024, this Court held a hearing during which the Debtor's Seventh Amended Chapter 11 Plan was confirmed. On March 14, 2024, this Court entered its Order Confirming the Seventh Amended Plan (Docket 217).

3.   Subsequent to the Confirmation Hearing, this Court entered an Order-Post

Confirmation (Docket 220) ("Order") which sets March 28, 2024 as the deadline to file all final fee applications for professionals retained in the case, any outstanding Monthly Operating Reports ("MORs"), pay all outstanding US Trustee Quarterly Fees, and the filing of the Motion For Final Decree.

4. The March 28, 2024, deadline was subsequently extended to April 30, 2024. The Debtor has filed the required MORs and professional fee applications.

5. Pursuant to Fed. R. Bankr. Pro. 3022, the final decree closing the case should be entered "after an estate is fully administered."

6. In determining whether a Final Decree should be entered, one of the factors to be considered is whether all motions, contested matters, and adversary proceedings have been finally resolved. *See Advisory Committee Note to Fed. R. Bankr. Pro. 3022.*

7. As of the confirmation date, the Debtor has three open adversary matters:

   a. Palasota Contracting, LLC v White Rock Excavating, Inc., Adversary No. 23-03187 ("White Rock Adversary");
   b. Palasota Contracting, LLC v JC Wall, Individually and BK Home Development Inc., Adversary No. 23-03188 ("BK Wall Adversary");
   c. Palasota Contracting, LLC v Kolby Construction, LLC, Clay Kolby and Darsh Enterprise, Inc., Adversary No. 23-03236 ("Kolby Adversary").

8. The Debtor believes it has negotiated a settlement of the White Rock Adversary and anticipates filing a Motion to Compromise Adversary No. 23-3187.

9. The BK Wall Adversary is in the early stages of discovery and, pursuant to this Court's Scheduling Order, currently has a trial setting for January 14, 2025.

10. On February 1, 2024, this Court entered a partial default in the Kolby Adversary against Darsh Enterprises, Inc. Debtor has received a partial payment on the judgment entered in the Kolby Adversary by defendant Darsh Enterprises, Inc. The Debtor has filed a Motion for Default against Clay Kolby and Kolby Construction, LLC, and a hearing is currently scheduled

for May 21, 2024.

11. As a general rule, the entry of a final decree and closure of a Chapter 11 case results in the dismissal of related proceedings such as the pending adversaries in the instant case. "The general rule favors dismissal because the court's jurisdiction over the related proceedings depends upon the nexus between the underlying bankruptcy case and the related proceeding *See Matter of Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993).

12. However, as the Fifth Circuit held in *Querner*, dismissal is not automatic in that the Court may, in its discretion, close the case administratively yet retain jurisdiction in the related adversary proceedings. *Id.*

13. The primary cause of action asserted in the BK Homes Adversary is an action for turnover of property of the estate pursuant to 11 U.S.C. §542. The Complaint alleges that BK Homes has failed to turn over an outstanding account receivable in the form of the $49,222.76 retainage owed under the original contractor agreement.

14. The primary cause of action asserted in the Kolby Adversary is breach of contract seeking the payment of the outstanding balance owed under the Debtor's subcontractor agreement with Kolby Construction, LLC and the foreclosure of the Debtor's Mechanic and Materialman's Lien asserted against the real property owned by Darsh Enterprises, Inc.

15. These adversary proceedings are sufficiently related to the underlying bankruptcy case as to warrant this Court's retention of jurisdiction to consider the matters.

16. The Fifth Circuit has held that a matter is "related to" a bankruptcy case if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re: Zale Corp.,* 62 F.3d 746, 753 (5th Cir. 1995), citing, *In re Wood,* 825 F.2d at 93 (5th Cir. 1987).

17. The Fifth Circuit further held that " [a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and ... in any way impacts upon the handling and administration of the bankrupt estate." *In re: Zale*, 62 F.3d at 753, citing, *In re: Walker*, 51 F.3d at 569 (5th Cir. 1995).

18. Successful resolution of the BK Homes Adversary and the Kolby Adversary would facilitate resolution of subcontractor creditor claims for debts incurred by the Debtor in connection with the work performed under contract with the respective defendants. Resolution will also likely provide additional funds to the Debtor for payment of outstanding obligations, increasing the likely success of the confirmed Plan. The pending adversary actions are sufficiently related to the underlying case as to warrant this Court's retention of jurisdiction following closure of the main case.

WHEREFORE, PREMISES CONSIDERED, Palasota Contracting, LLC respectfully requests this Court enter its Order administratively closing this case but retaining jurisdiction over the identified pending adversaries until a final order fully disposing of each adversary is entered. In the alternative, the Debtor requests and extension of the deadline to file a Motion for Entry of Final Decree until the 14th day following final disposition of the identified adversary proceedings.

Respectfully submitted,

**WALDRON & SCHNEIDER, PLLC**

/s/ Kimberly A. Bartley
Kimberly A. Bartley
15150 Middlebrook Drive
Houston, Texas 77058
Tel: 281-488-4438
Fax: 281-488-4597
kbartley@ws-law.com
COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

    I hereby certify a true and correct copy of the Motion For Extension of Deadlines in Post-Confirmation Order was served upon the attached service list via the Court's ecf system and via First Class Mail, postage prepaid on May 1, 2024.

                                            <u>/s/ Kimberly A. Bartley</u>
                                            Kimberly A. Bartley